| Attorney or Party Name, Address, Telephone & FAX Nos.:, State Bar No. & Email Address<br>**Stella Havkin**<br>**Havkin & Shrago Attorneys at Law**<br>**20700 Ventura Boulevard, Suite 328**<br>**Woodland Hills, CA 91364**<br>**818 999-1568 Fax: 818 305-6040**<br><br>**stella@havkinandshrago.com**<br><br><br>☐ *Individual appearing without attorney*<br>■ *Attorney for:* Debtor | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Steven Sandler**<br><br><br><br><br><br>Debtor(s). | CASE NO.:. 1:15-bk-11162-MT<br><br>CHAPTER 13<br><br>**AMENDED CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date:<br>Time:<br>Place:<br><br>**CONFIRMATION HEARING:**<br>Date:    2/23/16<br>Time:    9:30 a.m.<br>Place:    Courtroom 302 |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

   The Debtor submits the following to the supervision and control of the chapter 13 trustee:

   A. Payments by Debtor of **$500.00** per month for **7** months, then **$800.00** per month for **7** months, then **$1,352.00** per month for **46** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ **71,292.00** which is estimated to pay **1** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

   E. Other property: (*specify property or indicate none*)
      NONE

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                            F3015-1.01.CHAPTER13.PLAN

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in an amount not exceeding __50__% of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 3    F3015-1.01.CHAPTER13.PLAN

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1
### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| | CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| a. | **Administrative Expenses** | | | | | |
| (1) | Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) | Attorney's Fees | $2,500.00 | | $416.67 | 6 | $2,500.00 |
| (3) | Chapter 7 trustee's fees | | | | | |
| (4) | Other | | | | | |
| b. | **Other Priority Claims** | | | | | |
| (1) | Internal Revenue Service | | | | | |
| (2) | Franchise Tax Board | | | | | |
| (3) | Domestic Support Obligation | | | | | |
| (4) | Other | | | | | |
| | City of Los Angeles | $1,636.65 | 0% | $60.62 | 27 | $1,636.65 |
| | Employment Development Dept. | $1,405.60 | 0% | $52.06 | 27 | $1,405.60 |
| | Franchise Tax Board | $7,312.00 | 0% | $270.81 | 27 | $7,312.00 |
| | U.S. Treasury | $21,398.00 | 0% | $792.52 | 27 | $21,398.00 |
| c. | Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*): | | | | | |
| | | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                Page 4                F3015-1.01.CHAPTER13.PLAN

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐ The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ■ The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

| Flagstar Bank | 2749 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
| USAA Savings Bank | 9799 |
| (name of creditor) | (last 4 digits of account number) |

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Flagstar Bank | 2749 | $18,084.85 | 0 | $645.89 | 28 | $18,084.85 |
| USAA Savings Bank | 9799 | $2,779.00 | 0 | $99.25 | 28 | $2,779.00 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| Internal Revenue Service | | $6,979.08 | $6,979.08 | 0.00 | $249.25 | 28 | $6,979.08 |

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ■ The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

TD Auto Finance
(name of creditor)                                                    (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default ||||
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $208,967.21.

Class 5 claims will be paid as follows:

(Check one box only.)

■ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR
☐ Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00 which is estimated to pay 0 % of the scheduled nonpriority unsecured debt.

IV.  PLAN ANALYSIS

| | |
|---|---|
| CLASS 1a | $2,500.00 |
| CLASS 1b | $31,752.25 |
| CLASS 1c | $0.00 |
| CLASS 2 | $20,863.85 |
| CLASS 3 | $6,979.08 |
| CLASS 4 | $0.00 |
| CLASS 5 | $2,131.93 |
| SUB-TOTAL | $64,227.11 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $7,064.89 |
| TOTAL PAYMENT | $71,292.00 |

V.  OTHER PROVISIONS

  A. The Debtor rejects the following executory contracts and unexpired leases.
  **Name of Other Party:**                                **Description of contract/lease:**
  -NONE-

  B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
  **Name of Other Party:**                                **Description of contract/lease:**
  -NONE-

  C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
  **Creditor Name:**                                      **Monthly Payment:**
  -NONE-

  D. The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):
  **Creditor Name:**                                      **Description:**
  -NONE-

  E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

  F. Miscellaneous provisions: (*use attachment, if necessary*):

  G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

  H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

  I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                           Page 7                           F3015-1.01.CHAPTER13.PLAN

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date: January 29, 2016

/s/ Stella Havkin
Stella Havkin

Attorney for Debtor

/s/ Steven Sandler
Steven Sandler
Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 8    F3015-1.01.CHAPTER13.PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

20700 Ventura Boulevard, Suite 328, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): Amended Plan

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/29/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

havkinlaw@earthlink.net; stella@havkinandshrago.com    ustpregion16.wp.ecf@usdoj.gov
cacb  ecf  sv@ch13wla.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/29/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Elizabeth Rojas
Chapter 13 Trustee
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/29/2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor(s)  (VIA E-MAIL; ADDRESS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/29/2016 | Stella Havkin | /s/ Stella Havkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

Account Management Services
5300 Orange Ave., #120
Cypress, CA 90630

AFCO Acceptance Corp.
4501 College Blvd., #320
Leawood, KS 66211

Blur Photo, LLC
2485k North Gower Street
Los Angeles, CA 90068

CBCS Collections
P.O. Box 2589
Columbus, OH 43216

Center For Orthopedic & Sports
434 S. San Vincente Blvd.
Los Angeles, CA 90048

Cisco, Inc.
1702 Townhurst Dr.
Houston, TX 77043

CMRE Financial
3075 E. Imperial Hwy., Suite 200
Brea, CA 92821

CRF Solutions
2051 Royal Ave.
Simi Valley, CA 93065

Employment Development Dept.
P.O. Box 989061
West Sacramento, CA 95798-9061

Employment Development Dept.
P.O. Box 826806
Sacramento, CA 94206-0001

Flagstar Bank
Box 371891
Pittsburgh, PA 15250-7891

Franchise Tax Board
227 N. Broadway, Rm. 5
Los Angeles, CA 90012-3203

Gaglione, Dolan & Kaplan
11377 West Olympic Blvd.
Los Angeles, CA 90064

GC Services Limited Partnership
P.O. Box 7835
Baldwin Park, CA 91706

Gerald Sandler
10 Westbourne Lane
Melville, NY 11747

Grant, Genovese & Baratta, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614

I C System
P.O. Box 64378
St. Paul, MN 55164

Innovative Collections
P.O. Box 3500
Tustin, CA 92781

Internal Revenue Service
300 N. Los Angeles Street, #4062
Los Angeles, CA 90012

Johnson Morgan & White
6800 Broken Sound Pkwy., Suite 201
Boca Raton, FL 33487

Jon B. Greenfield MD
434 S. San Vincente Blvd.
Los Angeles, CA 90048

Los Angeles County Superior Court
Van Nuys Courthouse
6230 Sylmar Ave.
Van Nuys, CA 91401

Los Angeles Dept. Of Water & Power
P.O. Box 30808
Los Angeles, CA 90030-0808

McCarthy Burgess & Wolff
2600 Cannon Road
Cleveland, OH 44136

Mohiuddin Chowdhury
Dallas Market Inc.
122720 Vanowen St., Apt. 1
North Hollywood, CA 91605

Montebello SRL
Viale Europa 2
36053 Gambellara (VI)
Italy

Moss & Barnett, Attorneys
150 South Fifth St., #1200
Minneapolis, MN 55402

Paychex, Inc.
21820 Burbank Blvd., Suite 185
Woodland Hills, CA 91367

Philip Sacks, DDS
20310 Ventura Blvd., #200
Woodland Hills, CA 91364

Prestige Courtyard LLC
16060 Ventura Blvd, #105-236
Encino, CA 91436

Sentry Credit Inc.
P.O. Box 12070
Everett, WA 98206

Shahriar Navazesh
11670 Sunset Blvd., Unit 109
Los Angeles, CA 90049

Southern California Gas Co.
P.O. Box C
Monterey Park, CA 91756

Steven C. Glickman, Esq.
9460 Wilshire Blvd., Suite 330
Beverly Hills, CA 90212

TD Auto Finance
PO Box 1622
Roanoke, TX 76262

Thompson Reuters-West
P.O. Box 6292
Carol Stream, IL 60197-6292

U.S. Bankcorp Equipment Finance
1310 Madrid St., Suite 101
Marshall, MN 56258

USAA Savings Bank
10750 McDermott Fwy.
San Antonio, TX 78288

West Hills Dermatology Group
7320 Woodlake Ave., Suite 340
West Hills, CA 91307

West Publishing/Thompson Reuters
610 Opperman Dr.
Eagan, MN 55123